IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-51444
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO AGUILAR-ROCHA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1036-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Julio Aguilar-Rocha appeals the 78-month sentence imposed following his guilty plea conviction of one count of illegal reentry. Aguilar-Rocha argues that the district court improperly enhanced his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on its erroneous determination that his prior Texas conviction of burglary of a habitation was a crime of violence as defined by the Sentencing Guidelines. Aguilar-Rocha specifically contends that the district court erred because its conclusion that his prior state conviction was a crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence relied exclusively upon the characterization of his offense in the presence report (PSR).

Aguilar-Rocha failed to object to the district court's characterization of his prior conviction as a crime of violence and did not challenge the imposition of the 16-level enhancement under § 2L1.2(b)(1)(A)(ii). Accordingly, this court's review is for plain error. United States v. Garcia-Mendez, 420 F.3d 454, 456 (5th Cir. 2005). To obtain relief under the plain error standard, Aguilar Rocha must establish that (1) there was an error; (2) the error was clear and obvious; and (3) the error affected his substantial rights. Id. (citation omitted). If these conditions are met, this court may exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id. (quotation marks and citation omitted).

The record does not indicate that the Government produced a judgment of conviction or other adjudicative records at sentencing to establish that Aguilar-Rocha's prior state court conviction warranted a 16-level enhancement. Moreover, there is no evidence that the district court reviewed evidence other than the PSR in determining that Aguilar-Rocha's prior offense was a crime of violence. Thus, the record suggests that the district court relied solely upon the PSR's characterization of the offense to justify its imposition of an enhancement under § 2L1.2. The court's exclusive dependence on the PSR constitutes an error that was clear and obvious. See Garza-Lopez, 410 F.3d at 275.

However, Aguilar-Rocha has failed to show that the error affected his substantial rights. When determining whether a state conviction constitutes a specifically enumerated offense for purpose an enhancement under § 2L1.2, we use a "common sense approach." United States v Izaguirre-Flores, 405 F.3d 270,

2

274-75 (5th Cir. 2005).  Under this approach, we determine whether a violation of the underlying state statute constitutes an enumerated offense based upon how the enumerated offense is understood in its "'ordinary, contemporary, [and] common' meaning."  Id. at 275.  If it is determined that the statute of conviction provides for various means of commission, the court may "examine certain adjudicative records to determine whether the prior conviction qualifies as an enumerated offense."  United States v. Murillo-Lopez, 444 F.3d 337, 339-40 (5th Cir. 2006).  These records include the charging document, the plea agreement, the plea colloquy transcript, and any explicit findings made by the trial judge to which the defendant assented.  Id. at 340.

In the instant case, the parties agree that Aguilar-Rocha was convicted of burglary of a habitation under TEX. PENAL CODE § 30.02(a).  This statute states that a person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person  "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault."  TEX. PENAL CODE § 30.02(a)(1).  The statute alternatively provides that a person commits burglary of a habitation if he "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault" Id. at § 30.02(a)(3).  This court has determined that a conviction under § 30.02(a)(1) is equivalent to the enumerated offense "burglary of a dwelling."  See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).  However, this court has held that a conviction under § 30.02(a)(3) is not the equivalent of the enumerated offense of "burglary of a dwelling" because the provision does not require entry with an intent to commit a crime.  See United States v. Constante, 544 F.3d 584, 587 (5th Cir. 2008).

The Government on appeal has provided copies of the indictment and judgment of conviction related to Aguilar-Rocha's prior state conviction. We construe the Government's submission of these adjudicative records as a motion to supplement the appellate record with these documents. Aguilar-Rocha has not objected to the inclusion of the documents, nor is there any dispute about the documents' authenticity. Accordingly, we grant the Government's motion to supplement the record with copies of the indictment and judgment of conviction from Aguilar-Rocha's prior Texas state conviction of burglary of a habitation.

The indictment specifically tracks the language of § 30.02(a)(1), and the judgment confirms that Aguilar-Rocha pleaded guilty to the offense as it was alleged in the indictment. Thus, the record establishes that Aguilar-Rocha pleaded guilty to the offense of burglary of a habitation, which is the equivalent of the enumerated offense of "burglary of a dwelling." Garcia-Mendez, 420 F.3d at 456-57. Aguilar-Rocha therefore has failed to demonstrate that but for the district court's error in relying solely on the PSR, the district court would not have imposed an enhancement under § 2L1.2(b)(1)(A)(ii). Accordingly, he has not demonstrated reversible plain error. Id. at 456.

The judgment of the district court is AFFIRMED. The Government's motion to supplement the record is GRANTED.