**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

No. 10-41174
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO RODRIGUEZ-SERNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-381-1

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Eduardo Rodriguez-Serna appeals his sentence following a guilty plea to attempted illegal reentry after deportation in violation of 8 U.S.C. § 1326. At sentencing, the district court applied a 16-level sentence enhancement based on its finding that Rodriguez-Serna's 2006 Texas conviction for burglary of a habitation was a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court determined that the advisory guidelines range was 70 to 87 months and, after denying Rodriguez-Serna's requests for a downward departure or a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

variance for his cultural assimilation, imposed a 70-month term of imprisonment.

As the Government concedes, the record indicates that Rodriguez-Serna's prior conviction was under Texas Penal Code § 30.02(a)(3), which we have held does not meet the generic, contemporary definition of burglary. *See United States v. Constante*, 544 F.3d 584, 586 (5th Cir. 2008). The Government failed to meet its burden of proving by a preponderance of the evidence that Rodriguez-Serna's prior conviction qualified for the sentencing enhancement. *See United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997). Accordingly, the district court erred in applying the 16-level enhancement for a crime of violence under § 2L1.2(b)(1)(A)(ii).

In light of the district court's misapplication of the Sentencing Guidelines, this court must remand unless the Government establishes that the error is harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). The Government also concedes that it cannot show that the error was harmless.

Therefore, we VACATE Rodriguez-Serna's sentence and REMAND for resentencing consistent with this opinion.