**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 1, 2012

Lyle W. Cayce
Clerk

No. 11-10837
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY RODDEN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-34-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Rodden appeals the 235-month sentence he received after he pled guilty without a plea agreement to possessing methamphetamine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He argues that the district court erred when it enhanced his sentence under U.S.S.G. § 2D1.1(b)(4) because his offense had nothing to do with importing methamphetamine. He also contends that information in his proffered statement could not be used to enhance his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10837

The Presentence Report established that on at least five occasions Rodden bought methamphetamine imported from Mexico with the intent to distribute it. Rodden has not rebutted this information or otherwise demonstrated that it is unreliable or materially untrue, and the district court was entitled to rely on it. *See United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010). The fact that the methamphetamine was imported was enough to warrant the enhancement. *See United States v. Rodriguez*, 666 F.3d 944, 946-47 (5th Cir.), *cert. denied*, 132 S. Ct. 2115 (2012). Thus, Rodden fails to show that the district court procedurally erred when it enhanced his sentence pursuant to § 2D1.1(b)(4). *See Gall v. United States*, 552 U.S. 38, 48-51 (2007).

Rodden argues that the enhancement of his sentence under § 3C1.1 for obstructing justice was improper because the record does not show that he procured perjured testimony or documents. The enhancement is reviewed for plain error because Rodden did not object in the district court to the § 3C1.1 enhancement. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The record reflects that Rodden induced counsel to present the perjured testimony and false documents to the court, and he cannot demonstrate that the district court plainly erred. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Lowder*, 148 F.3d 548, 552-53 (5th Cir. 1998).

Rodden also argues that the district court erred when it denied him a reduction for acceptance of responsibility under § 3E1.1. The district court's denial is reviewed for plain error because Rodden did not object in the district court. *See Mondragon-Santiago*, 564 F.3d at 361. The sentencing transcript establishes that the district court denied the reduction based on its finding that Rodden had obstructed justice. Rodden fails to show that the district court plainly erred when it denied him a reduction for acceptance of responsibility because the district court properly found that Rodden obstructed justice. *See Puckett*, 556 U.S. at 135; § 3E1.1 cmt. n.4 (2011); *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008). AFFIRMED.