# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2013

No. 12-41353

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GUSTAVO LOEZA CASTANEDA, also known as Gustavo Loeza-Castaneda,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-163-1

Before OWEN, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[1]

Defendant–Appellant Gustavo Loeza Castaneda (Castaneda) appeals his 58-month sentence for illegal reentry in violation of 8 U.S.C. § 1326. Castaneda claims the district court committed plain error by imposing a 16-level crime of violence enhancement under § 2L1.2(b)(1)(A)(ii) of the Federal Sentencing Guidelines based on Castaneda's Texas conviction for burglary of a habitation. We vacate Castaneda's sentence and remand for resentencing.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41353

## I

Castaneda pleaded guilty without a plea agreement to illegal reentry in violation of 8 U.S.C. § 1326. The presentence investigation report (PSR) began with a base offense level of 8.[1] The PSR then added a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines because he was previously deported following a conviction for a crime of violence: his 2001 Texas felony conviction for burglary of a habitation.[2] The PSR thus calculated his adjusted offense level as 24, and after a 2-level reduction for acceptance of responsibility, determined his total offense level to be 22.[3] This total offense level coupled with his criminal history category of III yielded a Guidelines range of 51 to 63 months of imprisonment.[4] After Castaneda failed to object to the 16-level sentencing enhancement for a prior crime of violence, the district court sentenced him within the Guidelines range to 58 months of imprisonment, explaining that his burglary conviction constituted one of the enumerated crimes of violence listed in the Sentencing Guidelines.[5] This timely appeal followed.

## II

We review de novo a district court's characterization of a prior offense as a crime of violence.[6] However, because Castaneda did not object on this basis in the district court, our review is for plain error.[7] To establish plain error, Castaneda must show there was (1) an error, (2) the error was clear or obvious,

---

[1] U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (2011) [hereinafter U.S.S.G.].

[2] *Id.* § 2L1.2(b)(1)(A)(ii).

[3] *Id.* § 3E1.1(a).

[4] *Id.* ch. 5, pt. A (Sentencing Table).

[5] *Id.* § 2L1.2 cmt. n.1(B)(iii).

[6] *United States v. Esparza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012).

[7] *United States v. Andino-Ortega*, 608 F.3d 305, 309 (5th Cir. 2010).

No. 12-41353

and (3) the error affected his substantial rights.[8]  If these three showings are made, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.[9]

## III

Castaneda argues that the district court erred by imposing the 16-level crime of violence enhancement.  He claims his Texas burglary of a habitation conviction was under subsection (a)(3) of Texas Penal Code § 30.02, which he contends does not constitute a crime of violence.  The Government concedes that the district court plainly erred and that the sentence should be vacated and the case remanded for resentencing.  This court, however, is not bound by the Government's concession, and we "give the issue independent review."[10]

Under § 2L1.2 of the Sentencing Guidelines, defendants who are convicted of unlawful reentry face a 16-level sentencing enhancement if, prior to their deportation, they were convicted for a felony that is a "crime of violence."[11]  The commentary to § 2L1.2 defines a "crime of violence" as (1) any offense in a list of twelve enumerated offenses, which includes "burglary of a dwelling," or (2) "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."[12]

When classifying a prior conviction for sentence enhancement purposes, we employ a categorical approach when determining if the offense was an

---

[8] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[9] *Id.*

[10] *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).

[11] U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[12] *Id.* § 2L1.2 cmt. n.1(B)(iii).

3

enumerated offense,[13] unless the Guidelines direct otherwise. Under the categorical approach, "the statute of conviction, not the defendant's underlying conduct, is the proper focus."[14] If a statute has disjunctive subsections, as here, "we may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction."[15] In doing so, our review is "generally limited to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented."[16]

Castaneda was convicted of burglary of a habitation under Texas Penal Code § 30.02(a), but the central issue is whether Castaneda was convicted under subsection (a)(1) or (a)(3). Section 30.02 provides, in relevant part,

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>> (1) enters a habitation . . . with intent to commit a felony, theft, or an assault; or . . .
>> (3) enters a . . . habitation and commits or attempts to commit a felony, theft, or an assault.[17]

The district court applied the crime of violence enhancement because it believed that Castaneda's conviction constituted the enumerated offense of "burglary of a dwelling."[18] Before considering whether his conviction under

---

[13] *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Rodriguez*, 711 F.3d 541, 549-50 (5th Cir. 2013) (en banc).

[14] *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (citations omitted).

[15] *United States v. Esparza-Perez*, 681 F.3d 228, 230 (5th Cir. 2012) (citing *United States v. Mungia-Portillo*, 484 F.3d 813, 815 (5th Cir. 2007); *United States v. Murillo–Lopez*, 444 F.3d 337, 339-40 (5th Cir. 2006)).

[16] *Id.*

[17] TEX. PENAL CODE ANN. § 30.02(a) (West Supp. 2000).

[18] At sentencing, the district judge stated, "if you look at . . . the illegal reentry, and then you look at the scoring, and then it says the scoring is for certain kinds of offenses, it's a 16 level bump. And so, you know it's—and one of them is burglary of a [dwelling]." *See*

No. 12-41353

§ 30.02(a) constitutes a crime of violence as a "burglary of a dwelling," we note that Castaneda was not convicted of an offense within the meaning of the residual clause in the definition of "crime of violence" in § 2L1.2 of the Guidelines, which includes any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[19]   No subsection of § 30.02(a) requires as an element the use, attempted use, or threatened use of force.[20]   Consequently, Castaneda's conviction does not constitute a crime of violence under the residual clause, and the only issue in this appeal is whether the district court erred in deciding that Castaneda's burglary of a habitation conviction constituted an enumerated offense.

The Fifth Circuit has held that § 30.02(a)(1) coincides with the generic, contemporary definition of burglary, so it constitutes a "burglary of a dwelling" and therefore a crime of violence.[21]   However, this court has held that a

---

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

[19] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

[20] *See United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc) (providing that "in order for § 2L1.2 to apply, the intentional use of force must be 'a constituent part of a claim that must be proved for the claim to succeed'" and that "[i]f any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit—of the crime") (citation omitted); *United States v. Turner*, 305 F.3d 349, 350-51 (5th Cir. 2002) (considering whether Texas Penal Code § 30.02(a) "has as an element the use, attempted use, or threatened use of physical force against the person of another" and concluding that the statutory elements of § 30.02(a) "do not make it a per se crime of violence, because they do not necessarily involve use of physical force against the person of another").

[21] *See United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013) (per curiam). In *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), *cert. denied,* 134 S.Ct. 512 (2013), this court revised its methodology with respect to certain crime of violence determinations, but the court limited the application of its revised crime of violence analysis to "offense categories that are not defined at common law." *Id.* at 552 & n.17. Because the *Rodriguez* court noted that burglary is defined at common law, the new *Rodriguez* methodology does not apply in the instant case. *See id.* at 552 n.16.

conviction under § 30.02(a)(3) is not a generic burglary because it lacks the requisite element of specific intent to commit a crime at the time of entry.[22] Whether Castaneda was convicted under § 30.02(a)(1) or § 30.02(a)(3) therefore matters because the former is a crime of violence under the enumerated offense of "burglary of a dwelling" but the latter is not.

In the instant case, to determine whether § 30.02(a)(1) or § 30.02(a)(3) formed the basis of Castaneda's conviction, we consider three records from the Texas proceedings against Castaneda: the judgment, the indictment, and the judicial confession and stipulation.[23] The Texas judgment states that Castaneda was charged with and pleaded guilty to burglary of a habitation and that the court accepted his plea, but it does not identify the subsection of § 30.02 that he violated.  The Texas indictment charged that Castaneda "did then and there with the intent to commit theft, enter a habitation owned by Fermin Garcia without Fermin Garcia's effective consent."  Although the indictment does not specify a subsection of § 30.02, the language of the indictment tracks subsection (a)(1) since it includes the phrase "with the intent to commit theft."

The final record is Castaneda's judicial confession and stipulation, in which Castaneda confessed that he "did then and there intentionally or knowingly enter a habitation, without the effective consent of [F.G.], the owner

---

[22] *See United States v. Constante*, 544 F.3d 584, 585-87 (5th Cir. 2008) (per curiam) (holding that, for purposes of 18 U.S.C. § 924(e), while § 30.02(a)(1) qualifies as a generic burglary, § 30.02(a)(3) does not "because it does not contain an element of intent to commit a felony, theft, or assault at the moment of entry"); *see also United States v. Trevino-Rodriguez*, 463 F. App'x 305, 307-08 (5th Cir. 2012) (unpublished) (applying *Constante* in the § 2L1.2(b)(1)(A)(ii) context); *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (stating that, because of the similarities between § 2L1.2(b)(1)(A) and 18 U.S.C. § 924(e), this court "treat[s] cases dealing with these provisions interchangeably").

[23] *See United States v. Esparza-Perez*, 681 F.3d 228, 230 (5th Cir. 2012) (explaining that the charging document may be considered in determining which subpart of a statute formed the basis of conviction); *United States v. Garcia-Arellano*, 522 F.3d 477, 480-81 (5th Cir. 2008) (concluding that a state court judgment and a Texas judicial confession may also be considered).

thereof, and attempted to commit or committed theft of property . . . ."  This confession tracks § 30.02(a)(3)'s language providing that an offense is committed when someone "enters a . . . habitation and commits or attempts to commit" a theft.[24]  The confession does contain the phrase "intentionally or knowingly." However, the confession only states that Castaneda "intentionally or knowingly enter[ed] a habitation," not that he entered "with intent to commit a theft," which is the specific intent required under § 30.02(a)(1).[25]  Castaneda thus did not confess to having the specific intent to commit a crime required of § 30.02(a)(1).

The Government had the burden of proving, by a preponderance of the evidence, that Castaneda's prior conviction qualified for a sentencing enhancement.[26]  To prove Castaneda committed a "burglary of a dwelling" for purposes of the crime of violence sentencing enhancement, the Government had to establish that Castaneda's plea of guilty "necessarily admitted elements of the generic offense" of burglary of a dwelling.[27]  While Castaneda was charged with burglary of a dwelling under § 30.02(a)(1), he did not admit to all of elements of that subsection because he did not admit that he entered "with intent to commit

---

[24] TEX. PENAL CODE ANN. § 30.02(a)(3) (West Supp. 2000).

[25] *Id.* § 30.02(a)(1); *see Constante*, 544 F.3d at 586 & n.3 (examining language of an indictment charging that the defendant "intentionally or knowingly enter[ed] a habitation, without the effective consent of . . . the owner . . . and attempted to commit or committed theft of property" and observing that "[t]he 'intentionally or knowingly' language in the indictment refers to a general criminal intent requirement, but not the specific intent element contained in § 30.02(a)(1) and the *Taylor* definition of generic burglary").

[26] *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997) (noting that "[t]he burden is on the party seeking to adjust the sentence level to prove by a preponderance of the relevant and sufficiently reliable evidence the facts necessary to support the adjustment.") (internal quotation marks omitted).

[27] *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. Henao-Melo*, 591 F.3d 798, 805 (5th Cir. 2009) ("As the Court noted in *Shepard*, *Taylor* demands certainty when determining whether a past guilty plea 'necessarily admitted elements of the generic offense.'") (citation omitted).

No. 12-41353

a felony, theft, or an assault." Castaneda only admitted to the elements of § 30.02(a)(3), which does not include an element of the generic offense of burglary—intent to commit a crime at the time of entry.[28] The Government therefore failed to show that Castaneda necessarily admitted to all of the elements of a generic "burglary of a dwelling" offense. As a result, the district court erred in holding that the Government had satisfied its burden of proving Castaneda was convicted of a crime of violence.

The district court's error was clear and obvious. At the time of sentencing, it was clear that for an offense to constitute a generic burglary, it must contain the element of entry "with intent to commit a crime,"[29] and that the Government had to show Castaneda's plea of guilty "necessarily admitted elements of the generic offense" of burglary.[30] Because Castaneda did not admit to the element of specific intent in his judicial confession and stipulation, it was clear error to find he confessed to "burglary of a dwelling" under the Sentencing Guidelines. We note that Fifth Circuit cases have specifically considered Texas Penal Code §30.02(a) and held that while § 30.02(a)(1) is a generic burglary, § 30.02(a)(3) is not.[31]

---

[28] *See Taylor v. United States*, 495 U.S. 575, 598 (1990) (explaining that "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime"); *Constante*, 544 F.3d at 585 (recognizing that, under *Taylor*, a generic burglary requires intent to commit a crime at the time of entry).

[29] *Taylor*, 495 U.S. at 598.

[30] *Shepard*, 544 U.S. at 26.

[31] *Constante*, 544 F.3d at 585, 587 (noting that "[t]his court has previously held that the offense of burglary of a habitation under § 30.02(a)(1) of the Texas Penal Code qualifies as a generic burglary for purposes of [18 U.S.C. § 924(3)]" but concluding that "a burglary conviction under § 30.02(a)(3) of the Texas Penal Code is not a generic burglary under the *Taylor* definition because it does not contain an element of intent to commit a felony, theft, or assault at the moment of entry"); *see also United States v. Trevino-Rodriguez*, 463 F. App'x 305, 307-08 (5th Cir. 2012) (unpublished) (applying *Constante* in the § 2L1.2(b)(1)(A)(ii) context and holding it was obvious error to apply the crime of violence enhancement when the

8

No. 12-41353

The parties agree that without the 16-level crime of violence enhancement, Castaneda would have been subject to, at most, an 8-level "aggravated felony" enhancement authorized by § 2L1.2(b)(1)(C) for the purposes of the advisory Guidelines sentencing range.[32]  Together with the appropriate reduction for acceptance of responsibility, Castaneda's total offense level would have been 14.[33]  This total offense level coupled with a criminal history category of III would produce a Guidelines range of 21 to 27 months of imprisonment,[34]  which would be anywhere from 31 to 37 months (or roughly 3 years) less than the 58 months imposed by the district court.

Given that the applicable Guidelines range would be substantially lower than the sentence Castaneda received, the error affected Castaneda's substantial rights and seriously affected the fairness, integrity, and public reputation of the proceedings.[35]  Accordingly, we vacate Castaneda's sentence and remand to the district court for resentencing.

---

indictment tracked the language of § 30.02(a)(3)); *United States v. Rodriguez-Serna*, 428 F. App'x 488, 488-89 (5th Cir. 2011) (unpublished) (citing *Constante* in the § 2L1.2(b)(1)(A)(ii) context and recognizing that § 30.02(a)(3) does not constitute a generic burglary); *United States v. Aguilar-Rocha*, 307 F. App'x 794, 796 (5th Cir. 2009) (unpublished) (also citing *Constante* in the § 2L1.2(b)(1)(A)(ii) context and recognizing that § 30.02(a)(1) constitutes the "burglary of a dwelling" under the Sentencing Guidelines but § 30.02(a)(3) does not).

[32] U.S.S.G. § 2L1.2(b)(1)(C).

[33] More specifically, the base offense level of 8 would be enhanced by 8 levels but then reduced by 2 levels for acceptance of responsibility.

[34] U.S.S.G. ch. 5, pt. A (Sentencing Table).

[35] *See United States v. Andino-Ortega*, 608 F.3d 305, 311-12 (5th Cir. 2010) (holding that an error in applying the 16-level crime-of-violence enhancement affected the defendant's substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings, when, absent the error, the defendant would have been subject to either a 4-level or 8-level enhancement).

No. 12-41353

\*    \*    \*

Castaneda's sentence is VACATED and REMANDED for further proceedings.