# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10839
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY RODDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-325
USDC No. 4:11-CR-34

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Anthony Rodden, federal inmate # 42772-177, appeals the denial of his 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of counsel at sentencing. Rodden was sentenced to a 235-month term of imprisonment and to a three-year period of supervised release. *See United States v. Rodden*, 481 F. App'x 985, 985 (5th Cir. 2012). This court granted Rodden a certificate of appealability (COA) to appeal the question whether "he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received ineffective assistance of counsel at sentencing when counsel failed to object to the probation officer's error in converting 30.9 grams of methamphetamine to the marijuana equivalent of 618 kilograms."

On appeal, Rodden contends that the district court relied on materially false and unreliable information in the Presentence Report (PSR) regarding the amount of methamphetamine attributable to him and that counsel should have objected to the district court's reliance on this information.  He also argues that counsel should have objected to the probation officer's erroneous drug quantity conversion, which Rodden maintains should have been based on 28.7 grams of actual methamphetamine, rather than 30.9 grams representing the weight of the total mixture.

The Government now argues that it erroneously conceded in the district court that the probation officer had erred in the drug quantity conversion. Even if the Government had persisted in its concession of error, we would not have been bound by it; we instead "give the issue independent review." *United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013); *see also United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).  In reviewing the denial of a § 2255 motion, this court reviews the district court's factual findings for clear error and its legal conclusions de novo.  *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

Because Rodden possessed 30.9 net grams of a mixture that contained ice (methamphetamine that was 93.1 percent pure) and the mixture containing the ice weighed more than the 28.7 grams of the actual methamphetamine Rodden possessed, the probation officer correctly converted 30.9 net grams of methamphetamine to its marijuana equivalency.  U.S.S.G. § 2D1.1(c), Notes to Drug Quantity Table (B) and (C) (2009); *see also United States v. Lee*, 725 F.3d 1159, 1166 & n.7 (9th Cir. 2013).  Given that the probation officer did not err

in his drug quantity conversion, Rodden fails to establish that counsel rendered ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1987).

Whether the district court relied on materially false information and whether counsel rendered ineffective assistance when he failed to object to district court's reliance on the allegedly false information are outside the scope of the issues for which a COA has been granted. Therefore, we do not consider these issues. *See* 28 U.S.C. § 2253(c).

The judgment is AFFIRMED.