# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40204
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ROJAS-IBARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-733-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Rojas-Ibarra pleaded guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326.  Relying on the U.S. Probation Office's presentence investigation report, to which Rojas-Ibarra did not object, the district court determined that his total offense level was 21 and his criminal history category was III, leading to a guideline range of 46 to 57-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months imprisonment.  The district court sentenced him to 46 months of imprisonment.

Rojas-Ibarra appeals his sentence, arguing for the first time that the district court erred by imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), which increases a defendant's offense level if he has returned to the United States after a conviction for a felony "crime of violence." In applying the enhancement, the district court relied on Rojas-Ibarra's prior conviction for burglary of a habitation under Texas Penal Code § 30.02(a).  The Government regrets that it overlooked an error it now perceives in its unopposed motion to remand, which identifies reversible error in the 16-level enhancement.

Because Rojas-Ibarra failed to preserve his challenge for appeal, we review only for plain error.  *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).  To establish plain error, Rojas-Ibarra must show that a forfeited error is clear or obvious and affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (alteration omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The parties agree that Rojas-Ibarra's burglary offense does not qualify, under the modified categorical approach,[1] as a "burglary of a dwelling" to enhance his sentence because there is no evidence identifying the subsection of § 30.02(a) under which he was convicted.  The parties also agree that the error affected Rojas-Ibarra's substantial rights because, without the

---

[1] Under the circumstances, we do not address Rojas-Ibarra's alternative argument that the Supreme Court's recent holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016), calls into question this court's holding in *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014) (applying a modified categorical approach to determine whether a defendant's conviction under § 30.02(a) qualifies as a crime of violence).

enhancement, the applicable guidelines range would have been 18 to 24 months—well below the 46 to 57-month range relied on by the district court.

We find that this error was obvious and that Rojas-Ibarra has shown that the error affected his substantial rights because there is a reasonable probability of a different outcome absent the error. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-47 (2016). Further, because the appropriate applicable guidelines range recommends approximately half the term of imprisonment Rojas-Ibarra received, we exercise our discretion to correct the error. *See United States v. Castaneda*, 740 F.3d 169, 175 (5th Cir. 2013). Accordingly, we GRANT the Government's motion, VACATE Rojas-Ibarra's sentence, and REMAND the case to the district court for resentencing.