# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10582
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHON HERRERA, also known as Jonathon Herrera-Obregon,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-107-3

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jonathon Herrera was convicted by a jury of conspiracy to possess with intent to distribute methamphetamine. The jury acquitted him of one count of possession with intent to distribute cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. Herrera was sentenced to the statutory maximum of 480 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10582

Herrera argues that the district court erred by not severing the offense of conviction from the charges of which he was acquitted. Even if joinder was improper, Herrera has not shown clear, specific, and compelling prejudice that resulted in an unfair trial. *See United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006). The facts and events that underlie the counts of acquittal arose in connection with Herrera's flight from prosecution for the offense of conviction. While executing an arrest warrant issued after Herrera's flight, United States Marshals found the cocaine and gun that gave rise to the counts of acquittal. The evidence as to the acquitted counts thus would have been admissible in a trial solely on the count of conviction because the evidence reflected Herrera's consciousness of guilt and was developed in connection with the prosecution of the present offense. *See United States v. Bullock,* 71 F.3d 171, 175 (5th Cir. 1995); *United States v. Ballis*, 28 F.3d 1399, 1409 (5th Cir. 1994). In any event, any possible prejudice was adequately cured by the jury instructions given by the district court. *See United States v. Thomas*, 627 F.3d 146, 157 (5th Cir. 2010); *Bullock*, 71 F.3d at 175.

Further, Herrera contends that his criminal history score was incorrectly calculated because the district court did not treat two of his prior sentences as separate sentences under U.S.S.G. § 4A1.2. He asserts that, but for the error, he would not been assigned to a criminal history category of V, and would have been placed in a criminal history category of IV. We review this claim for plain error. *See United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013).

Even if Herrera's criminal history score was erroneously calculated, any error in that regard did not affect his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Because Herrera's total offense level was 42, and the statutory maximum sentence was 480 months, his advisory guidelines range would be would be 360 to 480 months – i.e., the guidelines range used in

No. 17-10582

this case – regardless of his criminal history score. *See* U.S.S.G. Ch. 5, Pt. A; U.S.S.G. § 5G1.1(a); 21 U.S.C. §§ 841, 846. He thus was not sentenced under an incorrect, higher guidelines range. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). The record otherwise does not indicate that the district court's selection of sentence, which was based on the correct guidelines range, was influenced by the criminal history category in which Herrera was placed, i.e., there is no indication that the district court, if presented with the same guidelines range but a lesser criminal history score, would have thought differently about the sufficiency of the guidelines range or the propriety of the statutory maximum sentence. Herrera therefore has not shown a reasonable probability that, but for any error, he would have received a lesser sentence. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

Given the foregoing, the judgment of the district court is AFFIRMED.