# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10366
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY PAUL MALONE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-179-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Timothy Paul Malone pleaded guilty to two counts of sexual exploitation of a child and one count of attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e). He was sentenced to 1,080 months in prison.

Malone asserts that the district court erred by not treating his counts of convictions as a single group for purposes of calculating his base offense level. He maintains that the district court should have grouped the counts together

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10366

under U.S.S.G. § 3D1.2(c) because the counts embodied conduct that was used to adjust his offense level.  Because Malone did not raise this argument in the district court, we review for plain error only.  *See United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013).

The district court properly determined that U.S.S.G. § 2G2.1 applied to each count of conviction.  *See* § 2G2.1.  Importantly, § 2G2.1 contains a special instruction, which states that, if the "offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction."  § 2G2.1(d)(1).  The commentary further clarifies that, for purposes of Chapter Three, Part D, each minor exploited is to be treated as a separate minor and that multiple counts involving the exploitation of different minors are not "grouped together under § 3D1.2 (Groups of Closely Related Counts)." § 2G2.1, comment. (n.7).

In this case, each count of conviction concerned a different minor victim. Thus, pursuant to § 2G2.1(d)(1), the counts were precluded from being grouped together for purposes of sentencing and, instead, each count had to be treated distinctly when calculating the offense level under Chapter Three, Part D.  *See* § 2G2.1(d)(1) & comment. (n.7).  Section 3D1.2(c) is not implicated; repetition of sexual exploitation of a minor is neither a specific offense characteristic nor a basis for an adjustment for the counts of conviction.  *See* § 3D1.2(c).  Further, while the district court imposed an enhancement under U.S.S.G. § 4B1.5(b)(1) because Malone was a repeat and dangerous sex offender against minors, that enhancement was irrelevant to the decision to treat his offenses as separate harms that were not grouped under § 3D1.2(c).  *See* § 4B1.5(b)(1).  Thus, the district court did not err, plainly or otherwise, in its application of the grouping guidelines.  *See Castaneda*, 740 F.3d at 171.

No. 18-10366

Malone argues that the district court erred in its guidelines calculations because it applied the three-level reduction for acceptance of responsibility to his adjusted offense level of 48. He asserts that, because offense level 43 is the highest level permitted by the Sentencing Guidelines, the district court should have deducted three levels from 43 rather than from 48. We review his claim, which he raised in the district court, de novo. *See United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008).

As Malone concedes, his argument is foreclosed by our decision in *United States v. Wood*, No. 94-10217, 1995 WL 84100, at *6-*7 (5th Cir. Feb. 8, 1995) (unpublished).[1] While he suggests that *Wood* was erroneously decided, we must follow our precedent absent en banc reconsideration or a superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

AFFIRMED.

---

[1] While unpublished, *Wood* is binding precedent because it was issued before January 1, 1996. 5TH CIR. R. 47.5.3; *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 854 n.4 (5th Cir. 1999).