# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2021

Lyle W. Cayce
Clerk

No. 20-30183

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRODERICK D. MATHES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-69-6

Before JONES, SMITH, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

This is the third appeal of Broderick Mathes's sentence for distribution of cocaine. Both Mathes and the government contend that his sentence is substantively unreasonable. Because the district court failed to consider an important sentencing factor and clearly erred in balancing the

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30183

sentencing factors, we VACATE Mathes's sentence and REMAND for resentencing consistent with this opinion.

I.

While on work release for an unrelated sentence, Broderick Mathes distributed cocaine out of his workplace for his brother Wilbert. When federal and state law enforcement officers knocked on the door to conduct a workplace inspection, Mathes delayed answering. Mathes used those moments to flush five ounces of cocaine down the toilet. After briefly denying flushing cocaine, Mathes admitted what he had done. Thus began Mathes's years-long cooperation with the government.

Mathes gave the government a comprehensive overview of the drug-distribution scheme operated by his brother. Mathes then pleaded guilty to all charges pending against him in connection with that scheme and entered into a formal cooperation agreement. For the next four years, Mathes assisted the government by testifying against his brother, arranging controlled drug purchases, interpreting phone calls, and providing information about murders and other drug-distribution activities in the area. In response, his brother twice threatened to kill him and once claimed he "had put a 'hit out'" on Mathes.

At Mathes's first sentencing, the government credited him for his substantial assistance and moved to reduce his sentencing level by eleven levels. The government also moved to dismiss one of the charges to which Mathes had pleaded guilty—possession of a firearm in furtherance of a drug-trafficking offense—because it determined that Mathes did not know about the firearm. The district court granted both motions. In doing so it accused the government of being "disingenuous" as to its reasons for dismissing the firearm count. The district court said "I'm not going to call you a liar, and I'm not going to call [Mathes's counsel] a liar. I'm just telling you the optics

don't look good." The district court expressed further skepticism by saying, "And as we stand here today, that all worked out. So you [Mathes] pled to something that you didn't do. And you [the government] got what you wanted, i.e., testimony from Mr. Mathes and then presto-bingo, the charges get dismissed."

After the grants of the government's motions, the sentencing range recommended by the United States Sentencing Guidelines was between 70 and 87 months. The district court imposed a sentence of 210 months—an upward variance of ten years—in part because the dismissal of the firearm count prevented Mathes from being sentenced as an armed career criminal. The district court did not discuss Mathes's cooperation. We vacated the 210-month sentence as substantively unreasonable because the district court gave undue weight to the dismissed firearm charge in weighing the sentencing factors. *United States v. Mathes*, 759 F. App'x 205, 211–12 (5th Cir. 2018) ("*Mathes I*"). The district court's stated justifications— "Mathes' criminal history and the dismissal of the firearm charge"— "fail[ed] to meet the high bar for such a substantial deviation." *Id.* at 211. Though we gave the district court "due deference" in its sentencing decision, we determined it was necessary to vacate and remand for resentencing. *Id.* at 212.

At Mathes's second sentencing, the district court imposed a sentence of 160 months—an upward variance of six years. The district court justified this upward variance on two grounds: (1) Mathes's criminal history, and (2) the "unwarranted" disparity between the range recommended for Mathes, 70 to 87 months, and the sentence imposed on Mathes's brother Wilbert, 324 months. We vacated that sentence because any disparity in sentence was warranted— "Mathes risked his life by cooperating with the government. . . . Mathes pled guilty and accepted responsibility." *United States v. Mathes*, 790 F. App'x 6, 8 (5th Cir. 2020) ("*Mathes II*"). Again, after our "highly

deferential review," we determined it was necessary to vacate and remand once more for resentencing "in accordance with [our] opinion." *Id.* at 7–8.

At Mathes's third sentencing, both parties reemphasized Mathes's substantial cooperation, but the district court imposed the same 160-month sentence. The district court noted the quantity of cocaine attributable to Mathes, and it explained that it considered Mathes an "undeterred" "career offender" because of his criminal history. The district court also said that Mathes's act of flushing cocaine down the toilet "demonstrates a lack of respect for the law." Both the government and Mathes objected to the 160-month sentence.

## II.

On appeal, Mathes contends that his sentence is once again substantively unreasonable. As it did in the previous two appeals, the government agrees. *Mathes I*, 759 F. App'x at 208; *Mathes II*, 790 F. App'x at 8. As before, we are "not bound by the Government's concession, but independently review[] the sentence." *Mathes I*, 759 F. App'x at 209–10 (citing *United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013)).

Because Mathes objected in the district court, we review the substantive reasonableness of his sentence for abuse of discretion, based on the "totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Teel*, 691 F.3d 578, 585 (5th Cir. 2012). Abuse-of-discretion review is "highly deferential" to the district court. *Mathes II*, 790 F. App'x at 7.

A district court has discretion to vary from the recommended guidelines range by considering factors set forth in 18 U.S.C. § 3553(a). The district court abuses its discretion, however, when it imposes a sentence outside the recommended guidelines range and the sentence "'(1) does not

account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'" *United States v. Gerezano-Rosales*, 692 F.3d 393, 400–01 (5th Cir. 2012) (quoting *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012)).

Because the 160-month sentence falls outside the recommended guidelines range of 70 to 87 months, we do not presume that the sentence is reasonable. *Gall*, 552 U.S. at 51; *United States v. Hoffman*, 901 F.3d 523, 554–55 (5th Cir. 2018) ("Even sentences like these that are outside the Guidelines range are reviewed with deference, though they are not entitled to the presumption of reasonableness that a within-Guidelines sentence may be afforded on appellate review."), *cert. denied*, 139 S. Ct. 2615 (2019); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009) (stating that a presumption of reasonableness applies to *within*-guidelines sentences). We may also consider the degree of the variance, so long as we eschew "rigid mathematical formula[e]" and give due deference to the district court. *Gall*, 552 U.S. at 47, 51; *United States v. Bolton*, 908 F.3d 75, 96 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 47 (2019).

The 160-month sentence in this case constitutes an upward variance of 73 months, or just over six years, above the top of the recommended guidelines range of 70 to 87 months. The 160-month sentence also more than doubles the median sentence under that range, meaning that the variance constitutes about half of Mathes's current sentence. We have previously considered an eleven-month sentence enhancement, which constituted a quarter of the defendant's total sentence, to be significant in degree. *United States v. Santillan-Molina*, 756 F. App'x 382, 385 (5th Cir. 2018). We have also vacated a 37-month upward variance, which constituted about one third of the total sentence. *Gerezano-Rosales*, 692 F.3d at 400–01. The six-year upward variance in this case, approximately doubling Mathes's sentence, is

certainly significant in degree.  The significance of the degree of the variance from the 70-to-87-months range is emphasized by our prior holding that the reduction to that range was "warranted" by Mathes's cooperation and acceptance of guilt.  *Mathes II*, 790 F. App'x at 8.  The degree of the variance alone, however, is not dispositive.  *See, e.g.*, *United States v. Brantley*, 537 F.3d 347, 349–50 (5th Cir. 2008).

A "significant variance" is permitted when it is justified by "'the individualized case-specific reasons provided by the district court.'"  *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (quoting *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015)).  "[T]he farther a sentence varies from the applicable Guidelines sentence, the more compelling the justification based on factors in section 3553(a) must be."  *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks omitted).  A significant variation must be supported by a significant justification—"a major departure should be supported by a more significant justification than a minor one."  *Gall*, 552 U.S. at 50.

In *Mathes I*, we determined that "Mathes' criminal history and the dismissal of the firearm charge" could not justify the significant upward variance imposed to arrive at the 210-month sentence.  *Mathes I*, 759 F. App'x at 211.  While the 160-month sentence we now consider is the product of a smaller variance than the 210-month sentence—six years rather than ten years—the variance remains significant.  Our prior decision in this case, therefore, casts doubt on the proposition that Mathes's criminal history is significant enough to justify the significant upward variance.

Given further statements in our two prior opinions in Mathes's case, and given our caselaw on upward variances, we cannot conclude that the upward variance was justified.  The 160-month sentence fails to account for a significant sentencing factor—Mathes's "years-long reliable and

No. 20-30183

substantial cooperation with the Government"—and it "represents a clear error of judgment in balancing the sentencing factors." *Mathes I*, 759 F. App'x at 210–11; *Gerezano-Rosales*, 692 F.3d at 401; *see also United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013).

As we noted in *Mathes II*, "Mathes risked his life by cooperating with the government." 790 F. App'x at 8. In each of the three sentencing hearings, the district court did not once mention Mathes's cooperation. In *Broussard*, we vacated an above-guidelines sentence in part because the district court "eschewed, in determining the length of the sentence, the § 3553(a)(6) factor" supporting a sentence within the recommended guidelines range. 669 F.3d at 552. Here the district court eschewed even mentioning Mathes's substantial cooperation. The district court abused its discretion because the sentence does not take into account Mathes's extraordinary cooperation. *See Hoffman*, 901 F.3d at 558–59 (vacating a sentence which failed to account for the defendant's culpability for thwarted fraudulent claims); *cf. United States v. Robinson*, 741 F.3d 588, 601, 603 (5th Cir. 2014) (vacating a sentence for harmful procedural error when the district court refused to consider evidence of cooperation on the mistaken belief that it did not have the authority to do so).

Further, it was a "clear error of judgment" for the district court to focus solely on aggravating sentencing factors without even addressing Mathes's cooperation in its balancing. *Gerezano-Rosales*, 692 F.3d at 401. Indeed, it appears from the transcript of the third sentencing hearing that the district court did not "balance" the sentencing factors at all. Instead, it listed all the aggravating factors applicable against Mathes and ignored the central factor in this case: Mathes's cooperation.

As we stated in *Mathes I*, "[t]he district court's reliance on [the relevant aggravating factors alleged] is a weak basis for a variance in Mathes'

7

No. 20-30183

case because of his years-long reliable and substantial cooperation with the Government," which the district court did not even consider. *Mathes I*, 759 F. App'x at 211; *see also Broussard*, 669 F.3d at 552. Even if the aggravating factors addressed by the district court were to justify some degree of upward variance, the district court clearly erred by not engaging in any meaningful balancing against Mathes's substantial cooperation with the government. Simply put, "there was no rational basis for the court to impose such a substantial variance." *Mathes I*, 759 F. App'x at 211.

## III.

Mathes requests that we exercise our discretion to direct reassignment to a different district judge for resentencing. Notably, the government does not oppose, or even respond to, that request. We agree: On remand, the district court shall reassign this case to another judge. Our authority to order reassignment is "an extraordinary power and should rarely be invoked." *United States v. Winters*, 174 F.3d 478, 487 (5th Cir. 1999). Reassignment is necessary in this case not only to ensure that justice is done, but also to maintain the appearance of justice. *See Johnson v. Sawyer*, 120 F.3d 1307, 1333 (5th Cir. 1997).

We have two guiding tests to determine when reassignment is needed, and we have not expressly adopted one over the other. *In re DaimlerChrysler Corp.*, 294 F.3d 697, 701 (5th Cir. 2002). Under the first test, we ask if there is actual bias or an objective appearance of bias. *Johnson*, 120 F.3d at 1333. Under the second test, we ask three questions: (1) would "the original judge . . . reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous"; (2) is "reassignment . . . advisable to preserve the appearance of justice"; and (3) would "reassignment . . . entail waste and duplication out of proportion to any gain in preserving the appearance of

No. 20-30183

fairness"? *Id.*; *see also DaimlerChrysler Corp.*, 294 F.3d at 700–01. Both tests are satisfied in this case.[1]

We do not question the good faith or integrity of the sentencing judge. *See DaimlerChrysler Corp.*, 294 F.3d at 701. Nonetheless, under these rare and unusual circumstances, we instruct the district court to reassign the case to another judge for resentencing.

\*       \*       \*

For the reasons set forth above, we VACATE the sentence imposed by the district court, REMAND for resentencing, and INSTRUCT the district court to reassign this case to a different judge.

---

[1] *Cf. United States v. Andrews*, 390 F.3d 840, 853 (5th Cir. 2004) ("The original judge appears to have been motivated in part by a desire to hammer [the defendant] with a long sentence one way or the other."); *Johnson*, 120 F.3d at 1337 ("We know that the district judge agrees that an appearance of partiality or bias must be remedied."); *Cooper Tire & Rubber Co. v. Farese*, 248 F. App'x 555, 561 (5th Cir. 2007) ("[G]iven the history of this case on remand, we find that it is reasonable to expect the original judge to have substantial difficulty in putting out of his mind his previously-expressed views."); *United States ex rel. Little v. Shell Expl. & Prod. Co.*, 602 F. App'x 959, 976 (5th Cir. 2015) ("In this case, . . . reassignment to a different judge should offer a reduction in waste because if we were simply to remand, we could reasonably expect more appeals of this nature.").