**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armondo GARCIA–SERRANO, Defendant–Appellant.**

**No. 03–2125.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2004.

Michael L. Schipper, Asst. U.S. Attorney, Grand Rapids, MI, for Plaintiff-Appellee.

John M. Karafa, McNeil, Karafa, Baty & Saunders, Grand Haven, MI, for Defendant-Appellant.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and

WISEMAN, District Judge.*

## ORDER

Armondo Garcia–Serrano appeals the sentence of imprisonment imposed by the district court upon his plea of guilty to being unlawfully in the United States after having been previously deported subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a). The government expressly waives oral argument. Garcia–Serrano waives oral argument by virtue of not responding to this court's letter requiring him to show cause why oral argument is necessary. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A presentence investigation report was prepared in contemplation of sentencing that recommended an initial base level of eight with a sixteen-level enhancement because Garcia–Serrano's prior Michigan state court conviction for attempted home invasion-first degree qualified as a crime of violence under USSG § 2L1.2. The district court overruled Garcia–Serrano's objection to the sixteen-level enhancement, holding that attempted home invasion-first degree as defined by Michigan law categorically qualified as a "crime of violence" within the meaning of the guidelines. Consequently, the district court sentenced Garcia–Serrano to fifty-seven months of imprisonment and three years of supervised release.

In his timely appeal, Garcia–Serrano reasserts the objection he set forth in the district court.

We review de novo legal conclusions regarding application of the United States Sentencing Guidelines. *United States v. Hover*, 293 F.3d 930, 933 (6th Cir.2002).

Thus, we review de novo the question as to whether Garcia–Serrano's attempted home invasion-first degree conviction is a crime of violence for the purposes of § 2L1.2, *see United States v. Humphrey*, 279 F.3d 372, 379 (6th Cir.2002), and employ a categorical approach to determine whether home invasion-first degree is a crime of violence. *See United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir.1995). The categorical approach requires that a determination as to whether an offense constitutes a crime of violence be based on the statutory definition of the crime. *United States v. Payne*, 163 F.3d 371, 374 (6th Cir.1998).

Section 2L1.2 of the applicable version of the Sentencing Guidelines mandates a sixteen-level enhancement for aliens unlawfully in the United States after deportation following a conviction for a "crime of violence." "Crime of violence" for purposes of § 2L1.2: (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and (II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. USSG § 2L1.2, comment. (n.1(B)(ii)) (emphasis added).

The district court correctly concluded that Garcia–Serrano's conviction for attempted home invasion-first degree qualifies as a crime of violence within the meaning of USSG § 2L1.2. Michigan's definition of home invasion-first degree includes all of the elements of burglary of a dwelling, *see* Mich. Comp. Laws § 750.110a(2), and also requires that the defendant be armed with a dangerous weapon and/or that the

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

dwelling be occupied. *Id.* These additional elements make the crime of home invasion-first degree even more dangerous and potentially violent than simple burglary of a dwelling. Whereas burglary of a dwelling is one of the enumerated crimes defined as a crime of violence, home invasion-first degree, Michigan's version of burglary of a dwelling, *see* Mich. Comp. Laws § 750.110a(1)(a), is also a crime of violence.

Garcia–Serrano's arguments to the contrary are not well taken.

Accordingly, we hereby affirm the district court's judgment.