NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0334n.06
Filed: May 15, 2009

No. 07-2408

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| DARWIN HOWARD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COLE, GIBBONS, Circuit Judges; and BELL, District Judge.*

**PER CURIAM.** Defendant-Appellant Darwin Howard appeals the sentence imposed following the revocation of a term of supervised release. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

On October 12, 1995, Howard was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to 84 months in prison, followed by five years of supervised release. On October 17, 2006, the probation office filed a petition to revoke Howard's supervised release based on his violation of the condition of

---

*The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

supervision that he not commit another federal, state, or local crime. The petition alleged that on March 19, 2006, while Howard was on supervised release, Howard was arrested on charges of breaking and entering a dwelling, possession of burglary tools, and fleeing and eluding. The petition further alleged that Howard fled from the officers who were attempting to arrest him, that a high speed chase ensued, and that the chase ended when Howard struck a police vehicle causing his vehicle to flip on its side. Howard was bound over in the state court on a charge of home invasion, second degree.

On September 27, 2007, Howard pleaded guilty to the charges as outlined in the petition. [1] The district court revoked Howard's term of supervised release, and sentenced him to serve 51 months in prison. Based upon the length of confinement, the sentence implies that the district court found that Howard committed a Grade A violation. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.4 (2006) (only Grade A violations carry a term of imprisonment of 51 months). Howard appeals his sentence based upon his contention that the district court erred in finding that he engaged in a crime of violence that qualifies as a Grade A violation of supervised release.

## II. ANALYSIS

"We review *de novo* the district court's conclusion that the defendant's prior conviction constituted a 'crime of violence.'" *United States v. Bartee*, 529 F.3d 357, 358-59 (6th Cir. 2008) (quoting *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir.2005)).

---

[1] Howard never explicitly entered a guilty plea, nor did he give a factual basis for his plea. However, his attorney indicated that he was entering a guilty plea and no issue regarding the sufficiency of the plea was raised on appeal.

No. 07-2408
*United States v. Howard*

The Sentencing Guidelines include three grades of supervised release violations. A federal, state, or local offense punishable by a term of imprisonment exceeding one year that is a "crime of violence" is a Grade A violation. U.S.S.G. § 7B1.1(a)(1). A "crime of violence" includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that "is **burglary of a dwelling** . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (emphasis added).

Michigan law defines the offense of second degree home invasion as follows:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

Mich. Comp. Laws § 750.110a(3). "Home invasion in the second degree is a felony punishable by imprisonment for not more than 15 years or a fine of not more than $3,000.00, or both." Mich. Comp. Laws § 750.110a(6). The elements of second degree home invasion under Michigan law are "(1) a breaking, (2) an entry, and (3) specific intent to commit a felony or a listed crime." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 814 (E.D. Mich. 2001) (citing *People v. Toole*, 227 Mich. App. 656, 658, 576 N.W.2d 441 (1998); *People v. Adams*, 202 Mich. App. 385, 390, 509 N.W.2d 530 (1994)).

"[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). The elements of Michigan's

3

crime of second degree home invasion mirror the elements of a common law burglary of a dwelling. Accordingly, Howard's supervised release violation for second degree home invasion was equivalent to a violation for burglary of a dwelling, a crime that falls squarely within the definition of a "crime of violence" under § 4B1.2(a)(2) of the Sentencing Guidelines. *See United States v. Snellenberger*, 548 F.3d 699, 700 (9th Cir. 2008) ("If Snellenberger's prior conviction qualifies as burglary of a dwelling, it's a crime of violence.").

Defendant contends that in determining whether he was guilty of a crime of violence, the court should look to his actual conduct, rather than to the legal elements of the offense charged. Defendant contends that because the dwelling was not occupied and because he was not charged with an intended or actual assault, the crime should not be considered a crime of violence.

Defendant's argument against application of the categorical approach is not well-taken. The Sentencing Guidelines' definition of "crime of violence" closely tracks the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *James v. United States*, 550 U.S. 192, 206 (2007). In determining whether an offense is a "violent felony" under the ACCA, the Supreme Court has directed courts to apply "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor*, 495 U.S. at 600. *See also Begay v. United States*, — U.S. —, 128 S. Ct. 1581, 1584 (2008) (holding that in determining whether a crime is a violent felony for purposes of § 924(e)(2), "we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on

a particular occasion"). We apply the same categorical approach to "the parallel determination of whether a prior conviction constitutes a 'crime of violence' under USSG § 4B1.2(a)." *Bartee*, 529 F.3d at 359. "Under this categorical approach, the court must look only to the fact of conviction and the statutory definition – not the facts underlying the offense – to determine whether that definition supports a conclusion that the conviction was for a crime of violence." *Id.* The district court properly applied the categorical approach and did not err in finding Defendant guilty of a Grade A violation.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Defendant Howard's sentence.