# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50064

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ANTONIO SARABIA-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, JONES, and ELROD, Circuit Judges.

REAVLEY, Circuit Judge:

Jose Antonio Sarabia-Martinez pleaded guilty to the federal offense of illegally reentering the United States after having been removed. His sentence was enhanced pursuant to guideline § 2L1.2 based on a previous "drug trafficking offense" conviction. The district court based the enhancement solely on information in a pre-sentencing report ("PSR"). Sarabia-Martinez did not object to the 16-level enhancement and was sentenced within the guideline range to 50 months' imprisonment and three years of supervised release.

On appeal, Sarabia-Martinez argues the district court plainly erred by treating his prior "Trafficking in Methamphetamine 14 Grams or More"

conviction as a "drug trafficking offense" for purposes of the sentencing guidelines. We hold that conviction under the Florida drug trafficking statute does not categorically constitute a drug trafficking conviction for purposes of the sentencing guidelines. We further hold the district court plainly erred by relying on the PSR in applying the sentence enhancement. Because the error affected Sarabia-Martinez's substantial rights, we vacate the sentence and remand for resentencing.

To classify a prior offense for purposes of applying a sentence enhancement, courts must look to the elements of the statutory violation rather than to the underlying facts of the prior conviction. *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). When applying this "categorical approach," if a statutory violation "encompasses activity that does not fall within the definition of 'drug trafficking offense' under [guideline] § 2L1.2," the conviction cannot be the basis of a "drug trafficking offense" enhancement. *Id.* at 274.

The government argues that Florida Stat. Ann. § 893.135(1)(f) (the statute under which Sarabia-Martinez was previously convicted) encompasses only activity that falls within the guidelines' "drug trafficking offense" definition, meaning a conviction under the statute necessarily means the enhancement applies. The Florida statute reads in pertinent part:

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 14 grams or more of amphetamine, as described [elsewhere in the code], or methamphetamine, as described [elsewhere in the code], or of any mixture containing amphetamine or methamphetamine, or phenylacetone, phenylacetic acid, pseudoephedrine, or ephedrine in conjunction with other chemicals and equipment utilized in the manufacture of amphetamine or methamphetamine, commits a felony of the first degree, which felony shall be known as "trafficking in amphetamine" . . . .

No. 14-50064

The statute thus defines mere possession as a form of "trafficking" provided the defendants possess a sufficient quantity. *Cf. Greenwade v. State*, 124 So.3d 215, 220 (Fla. 2013) (explaining that violation of the analogous cocaine trafficking statute can be proven by possession alone provided "the quantity of the substance met the statutory weight threshold"). The design apparently manifests the Florida legislature's judgment that intent to distribute can be presumed based on possession of a large quantity of the controlled substance.

Under the sentencing guidelines:

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

By classifying mere possession as drug trafficking, the Florida statute defines drug trafficking more broadly than does the guidelines. Under the categorical approach, application of the "drug trafficking offence" enhancement would therefore be improper. *See Garza-Lopez*, 410 F.3d at 274. This conclusion is foreordained by our precedents. We have already held that mere transport of a controlled substance *does not* constitute § 2L1.2 drug trafficking. *See United States v. Lopez*-Salas, 513 F.3d 174, 178–79 (5th Cir. 2008). We cannot very well hold that mere possession *does* constitute § 2L1.2 drug trafficking.

The government tries to evade *Lopez-Salas* by arguing that Florida presumes intent to distribute when a defendant possesses more than 14 grams of amphetamine or related controlled substances. But this is the *precise* argument we rejected in *Lopez-Salas*. *See id.* at 179–80 (holding that "a state's presumption of intent can[not] create a drug trafficking offense under the

No. 14-50064

Guidelines"). Further, the government's reliance on a "series of decisions" made by the 11th Circuit is misplaced because, as the government later acknowledges, we have already rejected the 11th Circuit's approach.[1] *See id.* at 180–81. "Sentencing enhancements are defined by federal, not state, law," and a state's "bulk theory of intent" cannot displace the guidelines' text. *Id.* at 180. "The Guidelines could have defined a drug trafficking offense based on the quantity of drugs possessed. Instead, they require that a state prove an intent to manufacture, import, export, distribute, or dispense." *Id.*

The categorical approach cannot sustain application of the "drug trafficking offense" enhancement in this case. *See Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). Where a statute contains interchangeable elements "compris[ing] multiple, alternative versions of the crime," however, it is said to be "divisible," and sentencing courts may examine underlying facts for the limited purpose of "determin[ing] which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Id.* at 2284. This inquiry "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263, (2005). "[A] district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes." *Garza-Lopez*, 410 F.3d at 274.

Here, the district court looked beyond the statute and relied on facts contained in the PSR to determine Sarabia-Martinez had been convicted of

---

[1] The government originally adopted this very position in an unopposed motion to vacate Sarabia-Martinez's sentence and remand for resentencing. It later moved to withdraw the motion. We GRANT the government's second motion and decide the case on the parties' briefing.

4

drug distribution rather than mere possession. This is error. *Id.* at 275. The government presses non-*Shepard* documents upon us and urges us to rely on them in determining that the error did not work an injustice, meaning remand would be improper.[2] The facts asserted in the "arrest report" now provided by the government were never confirmed by Sarabia-Martinez. We decline to draw any conclusions from documents the district court would not be permitted to consider. *See Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005) (describing "police reports and complaint applications" as documents that may not be considered).

When a defendant fails to object to a guideline enhancement, we review its application for plain error. *See Garza-Lopez*, 410 F.3d at 272. A sentencing court's improper reliance on facts included in a PSR represents plain error. *Id.* at 275. We must next determine whether the plain error affected the defendant's substantial rights and whether it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Garza-Lopez*, 410 F.3d at 272 (quoting *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005)). "With respect to [these latter aspects] of the plain-error test, we must determine 'whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [the defendant] would have received a lesser sentence.'" *Id.* at 275 (quoting *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir.2005)) (first alteration added, second alteration in original). A "substantial disparity" between the sentence imposed and the proper guidelines range shows that the defendant's substantial rights were

---

[2] The government's pending motion to supplement the record is GRANTED. Only the arrest report provides purported facts relating to Sarabia-Martinez's original arrest. Other documents, including the "Charging Explanation" and "Information" sheet broadly indicate the arrest was for "Trafficking in Amphetamine."

affected and that the error affected the fairness of the proceedings. *United States v. Gonzales-Terrazas*, 529 F.3d 293, 298–99 (5th Cir. 2008).

The fourth prong of plain error review is not satisfied simply because the "plainly" erroneous sentencing guideline range yields a longer sentence than the range that, on appeal, we perceive as correct.  This court has twice stated en banc:  "We continue to adhere to our precedent declining 'to adopt a blanket rule that once prejudice is found under the [third plain error prong], the error invariably requires correction.'"  *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (quoting *United States v. Reyna*, 358 F.3d 344, 352 (5th Cir. 2004 (en banc)).  In this case, besides a notable sentencing disparity, Sarabia-Martinez had no other significant convictions nor prior reentry convictions.  These additional facts justify our exercise of discretion under the fourth prong to order resentencing.  The sentence is VACATED and case remanded for RESENTENCING.