# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51210

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GERARDO CARRANZA–RAUDALES,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-610

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

In this appeal, Gerardo Carranza–Raudales challenges his 45-month sentence, arguing that the district court miscalculated the Guidelines range when it applied a 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because he cannot demonstrate plain error, we affirm.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51210

## I.

Carranza–Raudales pleaded guilty to illegal reentry following deportation. His presentence report (PSR) included a 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The enhancement was based upon Carranza–Raudales's prior Michigan conviction for first-degree home invasion under MICH. COMP. LAWS ANN. § 750.110a(2). With the crime-of-violence enhancement, the PSR calculated his Guidelines range at 41–51 months.

Carranza–Raudales filed no objections to the PSR, and at sentencing he specifically acknowledged that he did not contest the enhancement.[1] The district court found the enhancement applicable and sentenced Carranza–Raudales within the calculated Guidelines range to 45 months of imprisonment. Carranza–Raudales appealed, challenging the district court's application of the crime-of-violence enhancement.

## II.

As Carranza–Raudales concedes, his failure to object to the enhancement before the district court results in plain-error review. *See United States v. Chavez–Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the

---

[1] The exchange occurred as follows:

THE COURT: The defendant was convicted of a very serious crime, a home invasion, a first-degree home invasion. And, given the law, it's well settled that a conviction for first-degree home invasion is, where this took place, a crime of violence of state law. So the 16-level enhancement does in fact apply. And, in fact, actually, I don't think you contest that; do you?

DEFENSE COUNSEL: No, Your Honor.

error in order to prevent a manifest miscarriage of justice." *Id.* For Carranza–Raudales to prevail, all four prongs must be satisfied. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

## III.

Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides a 16-level enhancement if the defendant has a prior conviction for a "crime of violence." The commentary to U.S.S.G. § 2L1.2 defines a "crime of violence" as, among other things, "burglary of a dwelling" or "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 2L1.2 cmt. n. 1(B)(iii). On appeal, Carranza–Raudales asserts that the district court plainly erred when it applied the crime-of-violence enhancement because the Michigan statute under which he was convicted is broader than the enumerated offense of burglary of a dwelling and because it does not have as an element the use, attempted use, or threatened use of physical force against another person. In response, the government does not contend that Carranza–Raudales's prior conviction falls within the residual clause of § 2L1.2. Rather, the government argues that the prior conviction constitutes the enumerated offense of burglary of a dwelling.

We interpret "burglary of a dwelling" according to its "generic, contemporary meaning . . ., employing a common sense approach." *United States v. Ortega–Gonzaga*, 490 F.3d 393, 394 (5th Cir. 2007) (internal quotation marks omitted). In particular, we have adopted the definition of burglary that the Supreme Court rendered when construing 18 U.S.C. § 924(e): "'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with the intent to commit a crime.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). As we have explained, the intent element cannot be satisfied

No. 13-51210

merely by the commission of a crime at some point during the offense; rather, the requisite element is the "specific intent to commit a crime *at the time of entry*." *United States v. Castaneda*, 740 F.3d 169, 173 (5th Cir. 2013) (emphasis added).

In general, when classifying a prior conviction for sentence-enhancement purposes, we employ a "categorical approach," with an analysis "grounded in the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013). However, "if the statute of conviction contains a series of disjunctive elements," we apply a "modified categorical approach" to determine the particular portion of the statute under which the defendant was convicted. *United States v. Gonzales–Terrazas*, 529 F.3d 293, 297–98 (5th Cir. 2008) (internal quotation marks omitted). In doing so, we look to those judicial records that the Supreme Court approved in *Shepard v. United States*, 544 U.S. 13, 26 (2005).

The state-court judgment indicates that Carranza–Raudales was convicted of "Home Invasion 1st Degree" under MICH. COMP. LAWS ANN. § 750.110a(2). This statute provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists: (a) The person is armed with a dangerous weapon. (b) Another person is lawfully present in the dwelling.

MICH. COMP. LAWS ANN. § 750.110a(2). Because the statute is divisible, we apply the modified categorical approach. The charging document reveals that Carranza–Raudales was charged with and convicted of breaking and entering, without permission, a dwelling while another person was lawfully present, and committing a larceny while entering, being present in, or exiting the dwelling.

At first blush, Carranza–Raudales's home-invasion conviction does not appear to be a generic burglary because the portion of the statute under which he was convicted does not explicitly contain an intent element. In this respect, the statute is similar to the one that we confronted in *Castaneda*. 740 F.3d at 172. However, as the government observes, the Michigan courts have arguably read an intent element into the statute. *See People v. Washington*, No. 310969, 2013 WL 2319476, at *10 (Mich. Ct. App. May 28, 2013) (holding that breaking and entering without permission "is a necessarily lesser-included offense of first-degree home invasion" and explaining that "'[t]he two crimes are distinguished by the intent to commit a felony, larceny, or assault, once in the dwelling'") (quoting *People v. Silver*, 646 N.W.2d 150, 153 (Mich. 2002)).[2] This

---

[2] Carranza–Raudales notes that *Silver* construed a predecessor version of § 750.110a(2), one that plainly required intent and lacked the alternative of committing a crime while entering, present in, or exiting the dwelling. *Silver*, 646 N.W.2d at 153. The government had previously relied on *Silver* in its brief, but as Carranza–Raudales emphasized at oral argument, the government filed a retraction letter apologizing for the oversight and disclaiming reliance on *Silver*. What Carranza–Raudales fails to appreciate, however, is that later, but still before oral argument, the government notified the court that it may look to *Washington*, which relied on *Silver* to construe the new, amended statute. *Washington*, 2013 WL 2319476, at *10. At oral argument, the government even took the position that in light of *Washington*, its letter disclaiming reliance on *Silver* was incorrect. Indeed, *Washington*—by treating *Silver* as authoritative on the interpretation of the current statute—instructs that *Silver* is still good law, and thus *Washington* arguably read an intent element into Carranza–Raudales's statute of conviction. We cannot disregard *Washington*'s interpretation. "[T]he construction that a state court gives a state statute is not a matter subject to our review . . . ." *New York v. Ferber*, 458 U.S. 747, 767 (1982).

was not the case in *Castaneda*, where a prior decision of our court had already held that the defendant's statute of conviction did not constitute a generic burglary because it lacked an intent element, and we did not discuss any state court decisions that might have read such an element into the statute. *Castaneda*, 740 F.3d at 173–74 & n.22. In addition, the Sixth Circuit has repeatedly held that convictions under § 750.110a qualify as crimes of violence.[3] *See United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010) (holding that a Michigan conviction for second-degree home invasion "is the equivalent of the enumerated offense of burglary of a dwelling and therefore constitutes a 'crime of violence'"); *United States v. Howard*, 327 F. App'x 573, 575 (6th Cir. 2009) (same); *United States v. Garcia–Serrano*, 107 F. App'x 495, 496 (6th Cir. 2004) (holding that Michigan's first-degree home invasion is a crime of violence and noting that it "includes all of the elements of burglary of a dwelling").[4]

---

[3] Although the Sixth Circuit applies *Taylor* to determine whether a prior conviction constitutes a generic burglary, we note that the Sixth Circuit's standard is slightly different from the one that we employ. Whereas we interpret *Taylor*'s definition of generic burglary to require intent to commit a crime *at the time of entry*, the Sixth Circuit cases dealing with Michigan's home-invasion statute do not mention this temporal limitation; furthermore, the Sixth Circuit has used the *ordinary* categorical approach rather than the *modified* categorical approach that we apply to these types of divisible statutes. *Compare Castaneda*, 740 F.3d at 173–74 (applying the modified categorical approach and interpreting *Taylor* to require intent to commit a crime at the moment of entry) *with United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010), *and United States v. Howard*, 327 F. App'x 573, 575–76 (6th Cir. 2009) (applying the *Taylor* standard to determine that Michigan second-degree home invasion qualifies as a crime of violence but using the ordinary categorical approach and failing to specify that generic burglary requires intent to commit a crime at the time of entry).

[4] In his post-argument Rule 28(j) letter, Carranza–Raudales contends that, under our recent decision in *United States v. Sarabia–Martinez*, No. 14-50064, 2015 WL 736009 (5th Cir. Feb. 20, 2015), "error in applying a sentencing enhancement can be plain, even when this Court has not addressed the particular state statute at issue and another circuit encompassing that state has affirmed application of the enhancement on the basis of a conviction under that statute." In *Sarabia–Martinez*, the government relied, in part, on Eleventh Circuit precedent to support a "drug trafficking offense" enhancement under U.S.S.G. § 2L1.2. We rejected the government's argument and found plain error because the Eleventh Circuit cases applied a "bulk theory of intent" approach that "we have already

We need not resolve here today whether Carranza–Raudales's home-invasion conviction in fact qualifies as a crime of violence. Assuming *arguendo* that it does not, any error was far from plain. This court has recognized the tricky task that crime-of-violence determinations can represent, holding that an error is not plain where the case law construing a criminal statute is unclear or conflicting. *See United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009). In addition, "[w]e ordinarily do not find plain error when we have not previously addressed an issue. Even where the argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citation omitted). Because the Michigan courts have arguably read an intent element into the statute, the Sixth Circuit has repeatedly held that convictions under § 750.110a qualify as crimes of violence, and our court has not previously addressed the issue, Carranza–Raudales cannot demonstrate that the district court committed plain error.

## IV.

The plain-error standard establishes a high hurdle, and Carranza–Raudales cannot overcome it. For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

rejected." *Sarabia–Martinez*, 2015 WL 736009 at *2. Because the Eleventh Circuit cases upon which the government relied applied a standard that our court had rejected, those cases could not prevent a showing of plain error. *Id.* In addition, the error was plain because the state statute at issue was identical in all essential respects to the one that we had analyzed when we rejected the Eleventh Circuit's approach. *Id.* at **1–2.

Here, unlike in *Sarabia–Martinez*, the relevant authorities of our sister court do not apply a standard that we have flatly rejected, and the state statute—as arguably interpreted by the Michigan courts—is not identical in all essential respects to one that we have previously confronted. Thus, *Sarabia–Martinez* is inapposite, and the Sixth Circuit cases upon which the government relies are relevant to whether Carranza–Raudales can demonstrate plain error.