# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40850
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADOLFO ALEJANDRO RAUDA-CONSTANTINO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-142-1

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Adolfo Alejandro Rauda-Constantino pleaded guilty to being an alien unlawfully found in the United States after a previous deportation. The presentence report (PSR) established a base offense level of eight and applied a sixteen-level offense enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) because he was deported subsequent to a conviction for a drug trafficking offense for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which the sentence was greater than thirteen months. It based the enhancement on his 2002 Oklahoma conviction for "Trafficking in a Controlled Dangerous Substance (Methamphetamine)" (Okla. Stat. tit. 63, § 2-415 (2000)). Rauda-Constantino filed a written objection to the sixteen-level offense enhancement and reiterated that objection at sentencing. He now challenges that enhancement on appeal. He argues that the Oklahoma drug trafficking statute covers conduct that does not qualify as a drug trafficking offense as defined by U.S.S.G. § 2L1.2. Rauda-Constantino relies on the charging document from the Oklahoma case to establish that his offense involved only mere possession of drugs and, thus, did not qualify as a trafficking offense. The Government concedes this error.

We review de novo a district court's conclusion that a defendant's prior conviction constitutes a drug trafficking offense. *United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009). We employ the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990), to determine whether a prior offense qualifies as a drug trafficking offense. *United States v. Teran-Salas*, 767 F.3d 453, 458 (5th Cir. 2014). Where the statute of conviction is divisible and one of the alternative elements is a categorical match to the generic offense and another is not, the modified categorical approach applies. *Id.* To determine which alternative element formed the basis of a defendant's conviction, the reviewing court may look only at the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

The Oklahoma statute provides multiple, discrete ways in which a drug trafficking offense may be committed, including possession without intent to manufacture, import, export, distribute, or dispense, which does not qualify as a trafficking offense under U.S.S.G. § 2L1.2. *See* Oklahoma Statute tit. 63, § 2-

415(B); U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)).    The parties have not addressed whether these constitute different elements under Oklahoma law that have to be unanimously found by a jury or just alternative means.    *See*, *e.g.*, *Almanza-Arenas v. Lynch*, 815 F.3d 469, 469 (9th Cir. 2016) (discussing the significance of the difference between means and elements).    A case is pending in the Supreme Court that presents the question of whether the modified categorical approach applies to statutes with alternative means or only those with alternative elements.    *See Mathis v. United States*, 136 S. Ct. 894 (2016).    But even if the Oklahoma statute lists only means and the Supreme Court holds that such statutes are divisible and subject to the modified categorical approach, Rauda-Constantino is still able to show that his state offense does not comport with the generic drug trafficking offense because that approach would narrow his offense to one involving mere possession.

Taken together, the *Shepard* documents show that Rauda-Constantino was convicted specifically of possession of methamphetamine for purposes of drug trafficking, to the exclusion of all other offenses enumerated in section 2-415 of title 63 of the Oklahoma Statutes.    The bill of information states that Rauda-Constantino pleaded guilty to drug trafficking because he possessed no less than twenty grams of methamphetamine.    Rauda-Constantino answered affirmatively when asked if he read and understood that charge, and if he committed the acts set forth in the bill of information.    Although the guilty plea form states the basis for the plea was Rauda-Constantino's sale of methamphetamine, the deleted or erased signature weighs against a finding that Rauda-Constantino assented to that fact and, thus, is not dispositive of which alternative element formed the basis of his conviction.    *See Teran-Salas*, 767 F.3d at 458.    Given that this court has held expressly that mere possession of drugs, even of a specific minimum quantity, is not encompassed by the generic definition of a drug trafficking offense, *see United States v. Sarabia-*

No. 15-40850

*Martinez*, 779 F.3d 274, 276–77 (5th Cir. 2015), both parties correctly argue that the district court erred in applying the sixteen-level offense enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i).  As a result, we GRANT the Government's unopposed motion and therefore VACATE and REMAND this case to the district court for resentencing.  We DENY the Government's alternative unopposed motion for an extension of thirty days to file its brief.